{¶ 1} I respectfully dissent.
 {¶ 2} The facts in this case appear clear. Appellee mailed, by certified mail, an appeal from appellant's decision in a case in which appellee was a party. The only error of which appellee appears guilty of was relying on certified mail, which the trial court apparently found was properly addressed, stamped and mailed but was returned to appellee after the time for appeal had expired. Here, the appellant used the U.S. mail to notify the appellee of its decision that appellee owed the appellant state agency money and appellee timely appealed using the appellant's means of communication only improving on it with certified mail. Then the appeal disappears for weeks and finally is returned to appellee because the post office failed to affix the proper bar code.
 {¶ 3} This case is totally different from Skrzypek v. WOIO TV 19, 9th Dist. No. 3228-M, 2002-Ohio-3033, in which the notice of appeal from a zoning board decision was left in an unmanned fire station, purportedly to notify the zoning board of an appeal. The Gingo case is similar to this case because the mail in that case was properly addressed, stamped and received one day after the final filing date according to the Ohio State Medical Board, which admitted that it did not pick up its mail every day. The appeal in this case was properly addressed, stamped and mailed. The post office apparently did not properly affix the bar code and the mail was returned.
 {¶ 4} I cannot find that, on these facts, the trial court's decision is not supported by a preponderance of reliable, probative and substantial evidence.